**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ALEH SYTY,** | **Civil Action No. 26-3680 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **JOHN TSOUKARIS, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Aleh Syty, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey.  (ECF No. 1).

2.      Petitioner is a citizen of Belaurus.  (*Id.* ¶ 15).  He entered the United States on February 29, 2016 on a tourist visa set to expire on August 28, 2016.  (ECF No. 8-1 at 1).  He applied for asylum on September 16, 2016.  (ECF No. 8-2 at 2).

3.      Petitioner was detained by ICE on March 31, 2026.  (*Id.* at 1).  He is being detained pursuant to 8 U.S.C. § 1226(a).  (ECF No. 8 at 1).

4.      On April 7, 2026, Petitioner filed his Petition alleging that he was being detained without a bond hearing.  (ECF No. 1 ¶ 15).  He also alleged that he was "at heightened risk of serious illness" due to his diabetes.  (*Id.* ¶¶ 42-43).

5.      Respondents filed an answer on April 10, 2026 arguing that Petitioner is being detained pursuant to § 1225(a) and that a bond hearing was scheduled for April 13, 2026.  (ECF No. 8-5).

6. Petitioner responded that there was "no individualized justification for detention at all" and that he should be released.  (ECF No. 9 at 5).

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."  *Zheng v. Rokosky*, No. 26–cv–01689, __ F. Supp. 3d __, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

10. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...."  *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018).  Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'"  *Zheng*, 2026 WL 800203, at *3

(quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.* at *4.

11.     According to the record, Petitioner was scheduled to have a bond hearing on April 13, 2026. (ECF No. 8-5). Neither party has filed an update with this Court, but this Court presumes it occurred. If Petitioner is dissatisfied with the result of the bond hearing, he must pursue an appeal before the Board of Immigration Appeals unless he can show that he was denied a fundamentally fair bond hearing. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21–1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

12.     Petitioner argues that he should be permitted to forego a bond hearing and pursue habeas relief instead, (ECF No. 9 at 8-9), but "[i]mmigration detainees seeking to invoke this Court's habeas jurisdiction ... must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-cv-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003)).

13.     It would not be futile to require exhaustion. (*See* ECF No. 9 at 7 (arguing that exhaustion would be futile). "Courts in the Third Circuit have excused exhaustion in cases in which the United States argues 8 U.S.C. § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeals's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)." *Duque v. Soto*, No. 26-cv-2638, 2026 WL 904231, at *2 (D.N.J. Apr. 2, 2026). But that is not the case here.

14.     Respondents have not denied Petitioner a bond hearing because they argue § 1225(b)(2) governs his detention; they agree that he is detained pursuant to § 1226 and scheduled

3

a bond hearing as required by § 1226, its implementing regulations, and the Constitution. *Zheng*, 2026 WL 800203, at \*4; (*see also* ECF No. 9 at 4 ("A bond hearing is indeed a possible remedy for Petitioner's detention.")) Failure to exhaust will not be excused when it is a choice. *See Hayes v. Ortiz*, No. 20-cv-5268, 2020 WL 3425291, at \*5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him.")

15.    As Petitioner has received the process to which he was entitled pursuant to §1226, this Court will dismiss the Petition.

16.    Petitioner has not adequately supported his claim that he is being denied medical care for his diabetes. (ECF No. 3). The submitted evidence supports his argument that he was receiving treatment prior to his detention, (*id.* at 19-21), but there is no sworn statement or other evidence from Petitioner showing that Delaney Hall has not provided medical care. "The context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference that 'shocks the conscience' for a substantive due process violation. Just as we afford leeway to prison medical officials in diagnosing and treating a detainee's physical and mental health, deference is due prison administrators here." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 330 (3d Cir. 2020) (internal citation omitted).

17.    Accordingly, the motion for a temporary restraining order will be denied.

18.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: May 4, 2026

4